Bank of North America *v.* Embury.

---

THE BANK OF NORTH AMERICA *vs.* EMBURY, impleaded with Annan and others.

Parol authority to an agent or attorney to execute promissory notes in the name of a partnership firm, is sufficient to bind the firm.

And such authority, although in writing, may be proved by parol evidence, where there is nothing on the face of the notes to show that the attorney is acting under a written power.

Where the evidence shows both written and verbal authority to the attorney, proof of a search for the written power, and inability to find it, warrants the introduction of parol proof of its contents.

Where the only resident member of a partnership leaves the state, expecting to be absent several months, by which it becomes a matter of absolute necessity that some one should be placed in charge of the business here, it is necessarily within the power of such partner, without the assent of his

copartners, to delegate to an attorney authority to act for the firm, in order to protect its interests; *it seems*

Where an authority is thus given to an attorney, and the non-resident partner, afterwards, with knowledge of the acts of the attorney, acquiesces in the agency, and more especially if the proceeds of a particular transaction of the attorney are applied to the use of the firm, the firm will be bound by the attorney's acts.

THE defendants were sued as makers of notes executed in the name of their firm, (W. C. Annan & Co.,) by " DeWitt C. Brown, Atty." The defendant, Embury, denied in his answer that Brown ever had authority to sign those notes for the defendants. Upon the trial of the cause the signature of the attorney was proved by himself. He testified that he was the attorney of the firm, when the notes were signed. It was also proven that Brown was the general agent of the firm, by a written power of attorney and by verbal authority; and that his acts in raising money for the firm and borrowing money for them, had been communicated to Embury and acquiesced in by him. The firm of W. C. Annan & Co. were engaged in the California shipping and commission business. Annan was the managing partner in New York; Embury & Hassard in California. But all of the partners were in California when the notes in suit were signed—December, 1856. Annan started for San Francisco, October 20, 1856, and left the agent, Brown, in charge of the business in New York. Embury had been in California over a year, at the dates of the notes. The notes were given in the regular course of business of the firm, for butter bought of Platt & Brown, and shipped to the firm in San Francisco, of which Embury was the managing partner; and the firm there acknowledged the arrival of the vessel in which the butter was shipped. Embury's partnership at the dates of the notes was undisputed. When the firm of W. C. Annan & Co. commenced business, in April, 1856, Annan & Hassard were the only partners. Brown's employment as agent commenced in June, 1856. Embury came in as partner in September, 1856; but there was no change in the firm name. Proof

of the power of attorney having been delivered to one of the firm was given, and he proved that he had looked for it and was unable to find it.

The case was tried without a jury, and judgment was rendered for the plaintiffs.

*E. F. Hall,* for the plaintiffs.

*Kissam & Jones,* for the defendants.

*By the Court,* INGRAHAM, J. The defendants allege that the judge erred in admitting parol evidence of authority to Brown to make the notes in question. There can be no doubt that parol authority for such a purpose would be sufficient. The cases cited by the defendants' counsel, of *Nixon and Bartlett* v. *Palmer,* (4 *Seld.* 398,) and *Dows* v. *Perrin et al.,* (16 *N. Y. Rep.* 330,) were cases of parol authority, and no objection was made on that ground. It is not in fact urged by the defendants' counsel that a verbal authority would not be valid, but he alleges that the notes on their face indicate that Brown was acting under a written power of attorney, and it should have been produced. There is nothing on the notes which warrants such a conclusion. They are executed in the usual form by Brown as attorney, and in no way is it stated or indicated that such an authority is in writing. The evidence shows both written and verbal authority to the attorney; and the proof of a search for the written power and inability to find it, warranted the introduction of parol proof of its contents.

The case of the *North River Bank* v. *Aymar,* (3 *Hill,* 262,) relied on by the counsel, holds no contrary doctrine. In that case it appeared that the plaintiffs had the written power in their possession, and the case held that signing the note as attorney necessarily gave notice to the party taking it of the existence of authority, either written or verbal, and that the party taking it was chargeable with the duty of

ascertaining the extent of the agent's power before he could charge the principal, on paper so signed. It is not unfrequently the case that authority to sign notes or do other acts of agency is implied from the acts of the parties, without proof of any express authority, either verbal or written; and such acts have been held to bind the principal. That the signature as attorney required the plaintiffs to examine as to his authority is conceded, and the parol evidence was sufficient to prove such authority, and was properly admitted.

A letter written by two of the defendants to Brown, the attorney, was admitted in evidence under objection that the same was not written by the firm. It was signed by Embury, the defendant, and evidently related to the affairs of the firm. It was a piece of testimony admissible for the purpose of showing that Embury had acceded to the agency of Brown at the date of the letter, and acknowleged previous services by him as attorney.

The power of attorney given by Annan & Hassard to Brown, which was excluded on the trial, was not proven at all, was not shown to relate to these transactions, and as the contents of it are not stated, even if it had been proven to have been executed by the grantors, it would be out of our power to say whether it should or should not have been admitted. In the absence of any knowledge of the contents we must presume the ruling of the judge upon the trial was correct.

The finding of the judge that Brown had verbal authority to sign the notes, was upon a question of fact, for which there was evidence calling for such a finding, and with it we cannot interfere. It is not against the weight of evidence, and if not clearly so, the finding must be sustained.

It is not material to inquire whether one partner can delegate authority to an attorney to act for the firm, without the assent of the other partners. For many purposes it seems to be a necessary act, and the partnership would necessarily suffer in many cases if such a power could not

be executed. In the present case, when the resident partner was about leaving for California, it became a matter of absolute necessity that some person should be placed in charge of the business here, and it would seem to be necessarily within the power of such partner thus to protect the firm from serious injury. I do not however consider it material, for this case, to decide this point, for the evidence fully warrants the finding that Embury, afterwards, with knowledge of the acts of the attorney, acquiesced in the agency; and that more especially in matters where the proceeds of the transaction were applied to the use of the firm.

The judgment appealed from should be affirmed, with costs.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Ingraham,* Justices.]

